

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00372-CR

JORGE PEREZ CASTANEDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-2021L-199, Honorable Roland D. Saul, Presiding

January 5, 2024

## MEMORANDUM OPINION

Before QUINN, C.J. and PARKER and DOSS, JJ.

Jorge Perez Castaneda appeals his three convictions, namely aggravated assault, tampering with physical evidence, and felon in possession of a firearm. Two issues pend for review. We affirm.

***Issue One***

Appellant's first issue concerns the admission into evidence of State's Exhibit 209, a judgment manifesting his prior conviction for "Assault by Strangulation." The trial court overruled his objection to the exhibit. Appellant believes that to be reversible error because the evidence "had no probative effect, and that it was highly prejudicial since it

was for a prior assault of a female by strangulation, i.e., a violent, possibly life-threatening means, and the current charge included aggravated assault of a female, but this time with something even more effective at causing death: a firearm." We overrule the issue.

Were we to assume the trial court erred, it matters not. This is so because the trial court admitted the same or similar evidence of his prior strangulation of a female without objection. This occurred when appellant's sister testified that he told her of his conviction for "assault/strangulation of Maribel Salazar." The admission of this substantially similar evidence to that underlying appellant's complaint renders harmless any supposed error involved in admitting Exhibit 209. *Molina v. State*, No. 07-22-00004-CR, 2023 Tex. App. LEXIS 728, at *11–12 (Tex. App.—Amarillo Feb. 6, 2023, pet. ref'd) (mem. op., not designated for publication) (reiterating that the alleged improper admission of evidence is harmless if the same or similar evidence is admitted without objection at some other point during trial).

### Issue Two

Through issue two, appellant accuses his trial attorney of providing him ineffective assistance of counsel. We overrule the issue.

The substance of the complaint generally revolves around the admission of Exhibit 209 and the conviction mentioned therein. Defense counsel purportedly was ineffective because he failed to 1) request contemporaneous limiting instructions, 2) object to the trial court's sua sponte limiting instruction included in the charge, 3) object to the question posed and the answer from appellant's sister regarding the prior conviction for assault, 4) object to evidence of appellant's delivering controlled substances to the complainant, and 5) object to aspects of the State's closing argument.

An ineffective assistance claim consists of the complainant proving two elements: deficient performance and prejudice resulting therefrom. *Rodriguez v. State*, No. 07-22-00194-CR, 2023 Tex. App. LEXIS 2335, at *2 (Tex. App.—Amarillo Apr. 11, 2023, no pet.) (mem. op., not designated for publication). The failure to address either element defeats the complaint. *See Brown v. State*, No. 07-22-00107-CR, 2023 Tex. App. LEXIS 1028, at *3 (Tex. App.—Amarillo Feb. 16, 2023, no pet.) (mem. op., not designated for publication). And, when addressing the matter of prejudice, the appellant must "establish a reasonable probability that but for the deficient performance, the result would have differed." *Rodriguez*, 2023 Tex. App. LEXIS 2335, at *4. "In other words, he has to illustrate a reasonable probability of a different outcome, not merely conclude as much." *Id.* The latter best describes appellant's exposition on the second prong here. He describes the purported error, stacks each supposed mistake upon the other, and then concludes that "[a]ll of these combine to not only [] show constitutionally deficient performance but to make the prejudice under the second *Strickland* prong impossible to remove." Missing, though, is any discussion of how either his conviction or sentence would have differed. The lack of such substantive explanation itself warrants our rejection of the complaint. *See id.*

Having overruled appellant's issues, we affirm the trial court's judgment.


Brian Quinn
Chief Justice


Do not publish.


3